IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01285-REB-MJW

COLORADO SATELLITE BROADCASTING, INC.,

Plaintiff,

v.

CIPHERMAX, INC., formerly known as MAXXAN SYSTEMS, INC.,

Defendant.

---

# RECOMMENDATION
# THAT DEFAULT BE ENTERED AGAINST THE DEFENDANT

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge Robert E. Blackburn on June 19, 2007. (Docket No. 4).

In a Minute Order issued on July 14, 2008 (Docket No. 31), this court set a hearing on the Motion to Withdraw as Counsel for Defendant (Docket No. 27)[1] on July 22, 2008, at 8:30 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S.

---

[1] Defense counsel sought to withdraw because his client would not communicate or cooperate with him, even in the face of critical deadlines, such as submission of a Final Pretrial Order. (Docket No. 27 at 2, ¶ 2). Counsel stated that "[s]pecifically, despite counsel's repeated attempts to contact CipherMax via telephone calls (to both landlines and cell numbers), emails, and written, certified correspondence, and despite counsel's warnings of rapidly approaching litigation deadlines requiring its participation, CipherMax has not communicated with counsel since June 23, 2008. Moreover, at the time of the last communication, CipherMax would not authorize the undersigned to take any steps to prepare this case for trial." (Docket No. 27 at 2, ¶ 5).

Courthouse, 901 19th Street, Denver, Colorado.  In that Minute Order (Docket No. 31), this court directed a representative for defendant Ciphermax, Inc., to appear at this hearing in person.

At the hearing on July 22, 2008, defense counsel informed the court that he sent a copy of that Minute Order to Mr. Eugene Lee, Vice President of Finance for defendant, via e-mail, facsimile, and certified mail.  Nevertheless, a representative for the defendant failed to appear for the conference as directed by this court.

Consequently, on July 22, 2008, this court issued an Order to Show Cause and Order Setting Status Conference (Docket No. 36) in which the defendant corporation was directed to obtain new counsel on or before July 29, 2008, or show cause why default judgment should not be entered.  In addition, a status conference was set for July 29, 2008, at 9:00 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.  This court directed that either Mr. Eugene Lee or new counsel for the defendant appear in person for the Status Conference.

Neither Mr. Lee nor counsel, however, appeared as directed for that hearing.  Furthermore, new counsel has not entered an appearance on behalf of the the corporate defendant.  Plaintiff's counsel advised the court that former defense counsel advised that he had received no response from Mr. Lee concerning the hearing.

The court notes that a trial preparation conference is set in this case for September 18, 2008, at 9:30 a.m, and that a jury trial is set to begin on September 29, 2008, at 8:30 a.m.

The Tenth Circuit has a "long-standing rule that a corporation must be

represented by an attorney to appear in federal court." Tal v. Hogan, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006).  In this regard, Local Rule 83.3(D) provides in pertinent part that "[w]here the withdrawing attorney's client is a corporation, partnership, or other legal entity, the notice [of withdrawal] shall state that such entity cannot appear without counsel admitted to practice before this court, and absent prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken, and default judgment or other sanctions may be imposed against the entity." D.C.COLO.LCivR 83.3(D).

Furthermore, as defendant was advised in the Order to Show Cause, Rule 16(f) of the Federal Rules of Civil Procedure provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f).  Defendant was further advised that Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) **rendering a default judgment against the disobedient party**; or
>
> (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added and was added in the Order to Show Cause).  Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Based upon the foregoing, it is hereby

**RECOMMENDED** that the Clerk of Court be directed to enter a default against defendant Ciphermax, Inc., and that the plaintiff then be directed to file a motion for default judgment.  It is further

**ORDERED** that the Clerk of Court shall mail a copy of this Recommendation by electronic mail to EugeneLee@Maxxan.com and Eugene.Lee@CipherMaxInc.com and by regular and certified mail through the U.S. Postal Service to:

>   CipherMax, Inc.
>   c/o Mr. Eugene Lee
>   1975 Concourse Drive
>   San Jose, CA 95131

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of**

**both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d**

**1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: July 30, 2008             <u>s/ Michael J. Watanabe</u>
    Denver, Colorado            Michael J. Watanabe
                                        United States Magistrate Judge