**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 07-cv-01285-REB-MJW

COLORADO SATELLITE BROADCASTING, INC.,

    Plaintiff,

v.

CIPHERMAX, INC., formerly known as MAXXAN SYSTEMS, INC.,

    Defendant.

---

**ORDER ADOPTING IN PART RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

    The matter before me is the **Recommendation That Default Be Entered Against the Defendant** [#40], filed July 30, 2008. No objections having been filed to the recommendation, I review it only for plain error. *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005). I adopt the magistrate judge's recommendation in relevant part and direct that default judgment be entered as a sanction for defendant's failure to comply with the court's duly issued orders.

    Defendant's recalcitrant behavior in the course of this litigation is detailed in the magistrate judge's recommendation and need not be repeated here at length. Pursuant to Fed.R.Civ.P.16(f), when a party fails to appear at a scheduling or other pretrial conference or fails to obey a scheduling or other pretrial order, sanctions, up to and including default judgment, may be imposed. *See* **FED.R.CIV.P.** 16(f)(1)(A) & (C)

(incorporating sanctions available under Rule 37(b)(2)(A)(ii) - (vii)).  **See also New Age Electronics, Inc. v. Spectrum Communications Group, Inc.**, 2007 WL 139327 at *2 (D. Colo. May 9, 2007).  The sanction imposed must be "just" and related to the particular claim or claims at issue.  **Ehrenhaus v. Reynolds**, 965 F.2d 916, 920-21 (10th Cir. 1992) (citation and internal quotation marks omitted).  Before the drastic sanction of default judgment may be imposed, I must address carefully and expressly the factors set forth in **Ehrenhaus**, namely: "(1) the degree of actual prejudice to the [injured party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  **Id.** at 921 (citations and internal quotation marks omitted).

Although the magistrate judge did not specifically analyze these factors, it is clear from his recitation of the pertinent facts that they are satisfied here.  Defendant has failed to respond to court orders or to even communicate with its own counsel regarding this case.  It apparently has made no effort to find new counsel to represent it in this matter now that its original counsel has withdrawn.[1]  Trial of this case is currently scheduled to commence on September 29, 2008.  Clearly, defendant's complete refusal to engage in the litigation will prejudice plaintiff's efforts to prosecute its claims and try the case.  Defendant has already substantially interfered with the judicial process, as evidenced by the magistrate judge's valiant but ultimately futile efforts to bring defendant into compliance with the most basic requirements of federal court practice,

---

[1] As a corporation, defendant cannot appear *pro se* before this court.  It must be represented by counsel.  **D.C.COLO.LCivR** 83.3D.

and can be anticipated to continue to do so.  Although there is no sure way to judge defendant's culpability in this series of events, nothing in the record suggests that it is not aware of the litigation or has not received the court's duly issued orders.  Instead, it appears that defendant has consciously determined to act as if the litigation does not exist.  Defendant was warned expressly and specifically that its continued failure to respond to the court's orders would result in the recommendation that default judgment be entered; indeed, it was ordered to show cause why default judgment should *not* be entered against it for failure to appear through duly appointed counsel.  (*See* **Order To Show Cause and Order Setting Status Conference** at 3 [#36], entered July 22, 2008.)  Given defendant's clear decision not to participate in this litigation on any level, I find it clear beyond peradventure that lesser sanctions would not be efficacious.

Therefore, I concur with the magistrate judge that default judgment should be entered against defendant as a sanction for its failure to comply with the court's duly issued orders.  However, because such judgment is issued pursuant to the authority of Rules 16(f) and 37(d), and not Rule 55, it is not necessary to direct an entry of default prior to the default judgment, as the recommendation suggests.[2]

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation That Default Be Entered Against the Defendant** [#40], filed July 30, 2008, is **APPROVED** and **ADOPTED** in relevant part as an order of this court;

---

[2] In any event, Rule 55 is inapposite because defendant did not "fail[] to plead or otherwise defend." **FED.R.CIV.P.** 55(a).

2. That default judgment **SHALL ENTER** against defendant, Ciphermax, Inc., formerly known as Maxxan Systems, Inc., and in favor of plaintiff, Colorado Satellite Broadcasting, Inc., as to all claims and causes of action asserted in this action;

3. That the Trial Preparation Conference, currently scheduled for Friday, September 18, 2008, at 9:30 a.m., and the trial, currently scheduled to commence on Monday, September 29, 2008, are **VACATED**; and

4. That on or before **Friday, September 12, 2008**, plaintiff shall file a motion[3] for such damages as it believes are recoverable based on the claims as to which default judgment has been entered.

Dated September 2, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

[3] The motion **SHALL COMPLY** in all respects with all relevant provisions of my civil practice standards.