IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 07-cv-01285-REB-MJW

COLORADO SATELLITE BROADCASTING, INC.,

   Plaintiff,

v.

CIPHERMAX, INC., formerly known as MAXXAN SYSTEMS, INC.,

   Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR
## ENTRY OF DEFAULT JUDGMENT DAMAGES

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for Entry of Default Judgment Damages** [#47], filed September 17, 2008. I have jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship). I grant the motion.

By Order dated September 2, 2008, I approved and adopted the magistrate judge's recommendation that default judgment be entered against defendant pursuant to Fed.R.Civ.P. 16(f) and 37(d) as a sanction for defendant's failure to comply with court orders. I further directed plaintiff to file a motion proving up its damages related to the default judgment. (*See* **Order Adopting in Part Recommendation of the United States Magistrate Judge** [#43] entered September 2, 2008.) The present motion is responsive to that order.

Having defaulted, defendant necessarily has admitted the truth of the averments of fact pled in the complaint other than those relating to damages. *See* **FED.R.CIV.P.**

8(d); *see also Burlington Northern Railroad Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 at 58-59 (3rd ed. 1998). The complaint alleges that plaintiff, which owns and operates cable and satellite television networks, purchased a storage area network ("SAN") computer system from defendant in October, 2004. Defendant's SAN system was defective, and defendant's attempts to remedy the problems with the system were ineffectual. Plaintiff ultimately was required to purchase an entirely new SAN system from a different vendor.

Plaintiff thus brought claims for breach of contract and breach of express and implied warranty against defendant. The averments of fact in the complaint are sufficient to establish the elements of a breach of contract claim under Colorado law, that is, the existence of a contract, performance by plaintiff, failure to perform by defendant, and resulting damages to plaintiff. *Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo.1992).

With respect to the amount of damages, under Colorado law, "the party not at fault may disaffirm the contract, rescind, and recover the money paid. Alternatively, the party not at fault may affirm the contract and sue for specific performance or for damages." *Shotkoski v. Denver Investment Group Inc.*, 134 P.3d 513, 515 (Colo. App. 2006). Plaintiff here has elected to pursue rescissionary damages. It offers proof that it paid defendant $381,534.38 for the defective SAN system. (*See* Plf. Motion App., Exh. 1 ¶ 5 at 2 & Exh. 1(A).) I find and conclude that plaintiff is entitled to this amount as damages for defendant's breach of contract.

Plaintiff also seeks prejudgment interest on the amount of damages awarded. Prejudgment interest clearly is available to the prevailing party in a breach of contract action pursuant to §5-12-102(1)(b), C.R.S. *See Goodyear Tire & Rubber Co. v. Holmes*, 193 P.3d 821, 824 (Colo. 2008) (citing *Mesa Sand & Gravel Co. v. Landfill, Inc.*, 776 P.2d 362, 365 (Colo. 1989)). Although plaintiff might be entitled to request an earlier accrual date, *see id*. at 825-30, it has requested prejudgment interest only from the date this action originally was filed in state court through the date of judgment (*see* Motion at ¶ 10, at 5). Prejudgment interest at the statutory rate of eight percent per annum compounded annually thus will be awarded from May 15, 2007,[1] through the date judgment enters.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion for Entry of Default Judgment Damages** [#47], filed September 17, 2008, is **GRANTED**;

2. That pursuant to my **Order Adopting In Part Recommendation of the United States Magistrate Judge** [#43], filed September 2, 2008, and my **Order Making Absolute Order To Show Cause** [#49], entered November 18, 2008, judgment **SHALL ENTER** on behalf of plaintiff, Colorado Satellite Broadcasting, Inc., and against defendant, Ciphermax, Inc., formerly known as MaXXan Systems, Inc., on all claims for relief and causes of action;

---

[1] Although plaintiff's motion records the date of filing as May 17, 2007, the complaint, summons, and civil cover sheet all reflect a date of May 15, 2007.

3

3.  That plaintiff is **AWARDED** damages in the principal amount of $381,534.38, together with prejudgment interest at the rate of eight percent (8%) per annum compounded annually from May 15, 2007, through the date judgment is entered pursuant to this order; and

4.  That plaintiff is **AWARDED** its costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated November 18, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**