## SETTLEMENT AGREEMENT

This Agreement, dated as of the 26th day of September, 2008 (the "**Effective Date**"), is by and between Colorado Satellite Broadcasting, Inc. ("**CSB**") and CipherMax, Inc., formerly known as MaXXan Systems, Inc. ("**CipherMax**"), referenced herein together as "the **Parties**" and individually as "**Party**."

### RECITALS

A.      In the lawsuit captioned *Colorado Satellite Broadcasting, Inc. v. CipherMax, Inc., formerly known as MaXXan Systems, Inc.*, United States District Court for the District of Colorado, Case No. 07-CV-01285-REB-MJW (the "**Action**"), CSB sought to recover damages equal to the payments CSB made to CipherMax for its purchase of a storage area network system and related support systems that CipherMax sold to CSB. CSB asserted claims against CipherMax for breach of contract and breach of express and implied warranties.

B.      By Order dated September 2, 2008 ("**Order**"), the Court entered Default Judgment against CipherMax and in favor of CSB "as to all claims and causes of action asserted in this action." (the "**Default Judgment**"). The amount of the Default Judgment was not then determined. In the Order, the Court required CSB to file a "motion for such damages as it believes are recoverable based on the claims as to which default has been entered."

C.      On September 17, 2008, CSB filed its Motion for Entry of Default Judgment Damages, by which CSB sought entry of Default Judgment against CipherMax in the amount of $381,534.38, plus pre-judgment interest at the Colorado statutory rate of

1

8% from May 17, 2007 through the date of the Judgment was entered (the "**Full Judgment**").

    D.      The Parties have entered into certain agreements to resolve CSB's claims against CipherMax and the Default Judgment in the Action, and wish to enter into this Settlement Agreement to memorialize their agreements.

    NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

    1.      CipherMax will wire transfer to the trust account of CSB's counsel, Senn Visciano Kirschenbaum P.C., the sum of $65,000 (the "**Initial Payment**") on the Effective Date. If the Initial Payment is not received by CSB's counsel on the Effective Date, this Settlement Agreement will be null and void.

    2.      Upon CSB's counsel's receipt of the Initial Payment, CSB will cause the immediate filing of a motion in the Action, advising the Court of the terms of this Settlement Agreement, and requesting entry of Default Judgment against CipherMax in the reduced amount of $200,000 (the "**Reduced Judgment**"), against which the Initial Payment will not be credited.

    3.      CSB will be entitled to record the Reduced Judgment, but CSB will not take any action to execute on the Reduced Judgment until March 1, 2009.

    4.      At any time from the Effective Date through February 28, 2009, CipherMax will be entitled to satisfy the Reduced Judgment in full by payment to CSB, by wire transfer to CSB's counsel, of the sum of $90,000 (the "**Second Payment**"). If the Second Payment is not received by CSB's counsel by March 1, 2009, the Reduced

2

Judgment will remain at $200,000, plus interest thereon at the federal rate from the date the Reduced Judgment was entered until paid.

5.    In the event CipherMax, after the Effective Date, files for Bankruptcy Court protection and CSB, in a Bankruptcy Court proceeding, is required to return the Initial Payment and/or the Second Payment to CipherMax or its Bankruptcy Trustee, on a basis of a preference, fraudulent conveyance and/or other theory of recovery, CSB will be entitled to assert in such Bankruptcy Court proceeding a claim (or proof of claim) against CipherMax for the amount of the Full Judgment, less any Payments made to CSB hereunder and retained by CSB. CipherMax understands, acknowledges, and agrees that CSB has agreed herein to reduce the Full Judgment to which it is entitled to the amount of the Reduced Judgment on the basis of its receipt and retention of the Initial Payment and the Second Payment.

6.a.    CipherMax hereby and forever releases, acquits and discharges CSB, its parent, subsidiary and affiliated companies, and their officers, directors, executives, shareholders, insurers, attorneys, predecessors, successors, heirs, and assigns, of and from any and all claims, counterclaims, or causes of action, matured or unmatured, liquidated or unliquidated, absolute or contingent, known or unknown, mutual mistake of fact notwithstanding, as of and prior to the Effective Date, including but not limited to the claims, counterclaims, and causes of action that were asserted, or could have been asserted, based on the agreements, communications, transactions and events alleged in the pleadings filed by the Parties in the Action; provided, however, that nothing contained herein shall constitute a release or discharge of CSB from any obligations under this Settlement Agreement.

3

b.      CSB hereby and forever releases, acquits and discharges CipherMax, its parent, subsidiary and affiliated companies, and their officers, directors, executives, shareholders, insurers, attorneys, predecessors, successors, heirs, and assigns, of and from any and all claims, counterclaims, or causes of action, matured or unmatured, liquidated or unliquidated, absolute or contingent, known or unknown, mutual mistake of fact notwithstanding, as of and prior to the Effective Date, including but not limited to the claims, counterclaims, and causes of action that were asserted, or could have been asserted, based on the agreements, communications, transactions and events alleged in the pleadings filed by the Parties in the Action; provided, however, that nothing herein shall be construed as or deemed to be a release or discharge of any obligations of CipherMax under this Settlement Agreement, or under the Default Judgment, as hereinafter entered or modified by the Court in the Action in accordance with the terms of this Settlement Agreement.

c.      Each Party acknowledges that it may hereafter discover facts in addition to or different from those which it now knows to be true with respect to the subject matter of the Released Claims, but hereby stipulates and agrees that it nonetheless has fully, finally and forever released any and all of the claims released herein which now exist or heretofore existed based upon any theory of law or equity now existing or coming into existence in the future.

d.      The Parties agree that the releases contained herein were negotiated in Colorado and shall be governed by the laws of the State of Colorado. Any action to enforce the terms of the releases contained herein shall be instituted and maintained only

4

in the Federal or State Courts of Colorado, which will have sole and exclusive jurisdiction of such dispute.

    e.    The releases contained herein are being provided to the fullest extent permitted under Colorado, California, and Federal law.

    f.    The Parties represent and warrant that they hve been informed of and fully apprised of the meaning of the provisions of California Civil Code Section 1542. That Section provides:

> A general release does not extend to claims which the creditor does not
> know or suspect to exist in his favor at the time of executing the release,
> which, if known by him must have materially affected his settlement with
> the debtor.

The Parties expressly waive and relinquish all rights and benefits that they have or may have under Section 1542 of the California Civil Code to the full extent that they may lawfully waive all such rights and benefits pertaining to the subject matter of this Settlement Agreement. Said waivers of Section 1542 do not, however, apply to those obligations which are created and specifically preserved by this Settlement Agreement.

    g.    Each Party represents and warrants that the claims released hereunder have not been sold, assigned, or otherwise transferred to any third party, and that neither Party currently is pursuing or contemplating any litigation against the other.

    h.    Each Party agrees to indemnify and hold harmless the other against all claims and losses, including reasonable attorneys' fees and costs, incurred by a Party or its related releasees hreunder, in defending against any claim that the other Party files or causes to be filed in violation of the releases contained herein.

    7.    In entering into this Settlement Agreement, the Parties represent that they have relied on, or have had the opportunity to obtain, the legal advice of attorneys of their

P:\2122\031\settlement docs\Settlement Agreement 3 Blackline

own choice, that the terms of this Settlement agreement have been completely read, and that these terms are fully understood and voluntarily accepted by them. CipherMax further represents that it has no question with regard to the legal import of any term, word, phrase, or portion of this Settlement Agreement in its entirety, and accepts this Settlement Agreement as written.

8.     Colorado law will apply to any issue regarding the interpretation or construction of this Agreement.

9.     This Settlement Agreement embodies the sole and entire agreement of the Parties with respect to the subject matter hereof. No verbal statement, agreement, promise, undertaking, understanding, or arrangement made prior to or contemporaneously with the execution of this Settlement Agreement shall be binding on any of the Parties unless expressly set forth herein. The terms and provisions of this Settlement Agreement may not be altered, amended, or modified except by a writing duly executed by all of the Parties.

10.     Except as otherwise provided herein, this Agreement shall be binding upon and inure to the benefits of the Parties, their predecessors, successors, heirs, and assigns.

11.     This Agreement may be executed in any number of counterpart originals, each of which shall be deemed to constitute an original Agreement and all of which shall constitute one Agreement. The execution of one counterpart by any Party shall have the same force and effect as if that Party had signed all other counterparts. For purposes of this Agreement, a facsimile signature of any party or representative shall be considered as valid as an original signature.

6

12.    If any portion of the Agreement is declared by a court of competent

jurisdiction to be invalid or unenforceable, such portion shall be deemed severed from the

Agreement, and the remaining part shall remain in full force and effect as if no such

invalid or unenforceable provision had been a part of the Agreement.

COLORADO SATELLITE                          CIPHERMAX, INC. FORMERLY
BROADCASTING, INC.                          KNOWN AS MAXXAN
                                            SYSTEMS, INC.


By:                                         By: _____
Its:                                        Its: _____

STATE OF COLORADO              )
                               )      ss.
COUNTY OF BOULDER              )

Subscribed and sworn to before me on September 26ᵀʰ, 2008, by
Michael Weiner      ,    CEO              of Colorado Satellite
Broadcasting, Inc., who swore to me that he is the individual identified above.

Witness my hand and official seal.

My commission expires: 08|11|2009

                              _____
                              Notary Public



7

## JURAT

State of CALIFORNIA
County of _SANTA CLARA_

Subscribed and sworn to (or affirmed) before me on this _26th_ day of _SEP_ , 20 _08_ ,
by _RUEY KAO_

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

HONGKIEU HAN
COMM. #1517774
Notary Public-California
SANTA CLARA COUNTY
My Comm. Exp. Oct 4, 2008

_____
NOTARY PUBLIC SIGNATURE                                                      NOTARY PUBLIC SEAL

----------------------------------------- **OPTIONAL** -----------------------------------------

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent*
*fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: ___SETTLEMEN  AGREEMENT___

Document Date: ___9/26/08___

Number of Pages: ___7___

Signer(s) Other Than Named Above: ___N/A___

_____                          _____
Signature of Document Signer No. 1                    Signature of Document Signer No. 2 (if any)



## FACSIMILE TRANSMITTAL

DATE:  9/26/08          OUTGOING FAX #: (303) 296-9101

TO:    **Frank Visciano**          COMPANY:  Senn, Visciano, Kirchenbaum

PLEASE COPY TO:

FROM:  Eugene Lee

PHONE#: (408) 382-6418          FAX #:

TOTAL NUMBER OF PAGES (Including this Page): 9
PLEASE ADVISE IF ALL PAGES BEING TRANSMITTED WERE NOT RECEIVED.

Frank:

Attached is the copy of the executed settlement.  My scanner did not work today, and so I am sending this fax.  Thanks and please let me know if you have any questions.

Eugene

Corporate Office:  1975 Concourse Drive, San Jose, CA  95131  M 408.382.6500  F 408.382.6599

14300 Cornerstone Village Drive, Suite 411, Houston, TX  77014  M 832.436.1000  F 832.436.1099

www.maxxan.com